NO. 07-11-00161-CR AND 07-11-00162-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
31, 2011

 



 

MICHAEL EDWARD DAWN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,245-E, 60,246-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant,
Michael Edward Dawn, appeals from judgments in two companion cases that
convicted appellant of two assaults on a family member.  Finding appellant’s notices of appeal are
untimely, we dismiss the appeals for want of jurisdiction.

            On
March 19, 2010, appellant pled guilty to both charges of assault on a family
member occurring during the same incident. 
Subject to a plea bargain agreement that was accepted by the trial
court, appellant was sentenced to eight years
incarceration for each offense.  On the
same day, the trial court certified that, in both cases, appellant had no right
of appeal and that appellant had waived his right of appeal.  See Tex.
R. App. P. 25.2.  Appellant filed
his notices of appeal in the trial court on April 13, 2011.

            By
letter dated April 20, 2011, this Court notified appellant that his notices of
appeal appeared to be late, and advised him that the Court would determine its
jurisdiction after May 20, 2011.  By this
same letter, the Court advised appellant that his appeals were subject to
dismissal unless the Court received amended certifications under Rule of
Appellate Procedure 25.2 providing that appellant has the right of appeal, or
he demonstrated other grounds for continuing the appeals, on or before, May 20,
2011.  Appellant has not responded to the
Court’s notification and directive.

            In
a criminal case, the Texas Rules of Appellate Procedure require that notice of
appeal be filed within 30 days after the day that sentence is pronounced in
open court; or after the day that the trial court enters an appealable order;
or within 90 days after the day sentence is imposed or suspended in open court
if the defendant timely files a motion for new trial.  Tex.
R. App. P. 26.2.  As noted above,
appellant’s notice of appeal from the sentences that were imposed on March 19,
2010, were filed on April 13, 2011.

            Only
a timely notice of appeal invokes the jurisdiction of the court of
appeals.  See State
v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App.
2000); Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Crim.App.
1998).  If an appeal is not timely
perfected, a court of appeals does not have jurisdiction to address the merits
of the appeal, and can take no action other than to dismiss the appeal.  See Olivio
v. State, 918 S.W.2d 519, 523 (Tex.Crim.App.
1999); Slaton, 981 S.W.2d at 210. 


            Further,
the rules that we must follow require us to dismiss an appeal in a criminal
case in the absence of certification showing the appellant has a right of
appeal.  See Tex. R. App. P. 25.2(d).  However, we are obligated to review the
record to determine whether the certifications filed in these cases are
defective.  See Dears v. State,
154 S.W.3d 610, 615 (Tex.Crim.App.
2005).  The clerk’s record in each of
these cases contain two separate waivers of appeal that were signed by
appellant as well as confirmation that appellant and the State had entered into
a plea bargain agreement under which the State would recommend that appellant
be sentenced to eight years incarceration for each
offense.  Thus, review
of the records in these cases confirm that the certifications are not
defective.

            Because
appellant did not file timely notices of appeal, we lack jurisdiction to
consider his appeals.  Accordingly, we
dismiss these appeals for want of jurisdiction.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.